**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re*<br><br>STEVIE LYNN KOOS,<br><br>      Debtor. | Chapter 13<br><br>Case No. 19-14327-CMG<br><br>Judge Christine M. Gravelle<br><br>Hearing Date:  September 18, 2019<br>Hearing Time: 10:00 a.m. |

## OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

> **ATTENTION DEBTOR'S COUNSEL:**
> **FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue

Service (the "Service"), submits the following objection to confirmation of the above-

captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 9].  In support

thereof, the Service respectfully represents as follows:

## RELEVANT BACKGROUND

1.       Stevie Lynn Koos (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on March 1, 2019 (the "Petition Date") [ECF Doc. No. 1].

2.       The Debtor has unpaid federal tax liabilities for numerous tax years. *See* Claim No. 1.  The Debtor has also failed to file Form1040 federal income tax returns for tax years 2016, 2017, and 2018.  *Id.*

3.       The Service filed a proof of claim against the Debtor in the amount of $128,853.18 (the "Service Claim"), comprised of (i) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $95,980.53 (the "Priority Claim")[1]; and (ii) an unsecured non-priority claim of $32,872.65.  *Id.*

4.       For the reasons described below, the Plan is not confirmable.

## OBJECTION

### A. The Plan is Not Confirmable with Respect to the Service's Priority Claim

5.       With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim."  11 U.S.C. § 1322(a)(2).  Here, the Plan provides for no payment the Priority Claim (as currently estimated).  Plan, Part 3.  On this

---

[1] This amount is estimated because, as noted above, the Debtor has failed to file federal income tax returns for all periods entitled to priority under Bankruptcy Code section 507(a)(8).

2

basis, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).  To be clear, before the amount of the Priority Claim can be determined with certainty, the Debtor must file her federal income tax returns for 2016, 2017, and 2018.  As noted below, the failure to file those returns provides an independent basis for denying confirmation of the Plan.

**B.** **The Plan is Generally Unconfirmable Based on Debtor's Failure to File Tax Returns**

6.    As noted above and in the Service Claim, the Debtor has failed to file Form 1040 federal income tax returns for tax years 2016, 2017, and 2018.  Pursuant to Bankruptcy Code section 1308(a), the Debtor is required to file all tax returns for periods ending within four years of the Petition Date.  11 U.S.C. § 1308(a).  Non-compliance with section 1308 renders a chapter 13 plan unconfirmable under Bankruptcy Code section 1325(a)(9).  11 U.S.C. § 1325(a)(9).  Moreover, the Debtor's failure to file returns due outside the time period covered by section 1308 also renders the Plan unconfirmable under Bankruptcy Code section 1325(a)(3).  That section requires that a plan be "proposed in good faith and not by means forbidden by law."  11 U.S.C. § 1325(a)(3).  The Debtor's failure to file all returns necessary for the Service to calculate its claim precludes her from meeting this requirement.  *In re Weik*, 526 B.R. 829, 835 (Bankr. D. Mont. 2015) ("Debtor's attempt to repay some obligations by means of a chapter 13 plan without having filed *all required tax returns* is contrary to § 1325(a)(3)'s requirement that the plan be proposed 'not by any means prohibited by law.'" (emphasis added)).

3

## **<u>CONCLUSION</u>**

WHEREFORE, for the foregoing reasons, the Service requests that the Court
(i) deny confirmation of the Plan until such time as the above-referenced defects in
the Plan are cured; and (ii) grant any other and further relief that the Court deems
just and proper.

Dated: August 20, 2019

CRAIG CARPENITO
United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the United States of*
*America*

4